# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CRIMINAL ACTION NO. 15-22-DLB-HAI-3
CIVIL ACTION NO. 17-144-DLB-HAI

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

JAMES P. HOWARD                                                                               DEFENDANT

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon the February 23, 2018 Report and Recommendation ("R&R") of United States Magistrate Judge Hanly A. Ingram (Doc. # 146), wherein he recommends that Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 124) be granted. Defendant's Motion for Ruling (Doc. # 154) is also before the Court. The United States having timely filed Objections to the R&R (Doc. # 147), and Howard having timely responded to the Objections (Doc. # 150), the R&R is now ripe for the Court's review. For the reasons set forth herein, the United States' Objections are hereby **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 11, 2015, James P. Howard was indicted on drug-distribution charges. (Doc. # 1). Specifically, he was charged with one count of conspiracy to distribute a mixture or substance containing heroin, and two counts of aiding and abetting the distribution of a mixture or substance containing heroin. *Id.* at 1-3. Howard was accused

1

of driving his co-defendant, Duran Jefferson, to Erlanger, Kentucky on December 1, 2014 to sell heroin. (Doc. # 91 at 1). Howard was stopped by agents nine days later and "he admitted to driving Jefferson around to make a heroin transaction." *Id.* at 2. Howard acknowledged that "he knew what Jefferson was doing but indicated that he did not personally sell or touch the heroin." *Id.*

Howard ultimately pled guilty to Count 4 of the indictment—aiding and abetting distribution of heroin—on May 20, 2016. *Id* at 1. He was sentenced on August 18, 2016 to 120 months of imprisonment. (Doc. # 109). During his sentencing, Howard was notified of his right to appeal his sentence within 14 days of entry of the Judgment. (Doc. # 108). Howard alleges that he instructed his attorney to file an appeal on his behalf immediately after sentencing, but no notice of appeal was timely filed. (Doc. # 124 at 7). On November 14, 2016, Defendant Howard moved to reopen the appeal period; his motion was denied. (Docs. # 111 and 112). The Sixth Circuit dismissed his appeal of that decision for want of prosecution. (Doc. # 121).

On August 18, 2017, Defendant filed the pending Motion to Vacate. (Doc. # 124). In his Motion, Howard argues that his attorney, Ms. Deanna Dennison, was constitutionally deficient because she failed to file a timely appeal despite his request, and therefore his Sixth Amendment rights had been violated. The Motion was fully briefed (Docs. # 132 and 137) and Magistrate Judge Hanly A. Ingram held an evidentiary hearing on February 13, 2018 (Doc. # 145) to determine the disputed factual issue of whether Howard in fact asked his attorney to file an appeal on his behalf. (Doc. # 146 at 1).

On February 23, 2018, Judge Ingram filed his R&R in which he recommends that Howard's Motion to Vacate be granted. *Id.* at 10. Specifically, Judge Ingram found that,

based on the submitted affidavits and testimony at the evidentiary hearing, "the balance of evidence tips in favor of finding that Howard, at the end of his sentencing hearing, asked his attorney to file a notice of appeal." *Id.* An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel, and thus, Judge Ingram recommended that Howard's Motion be granted. *Id.* (citing *United States v. Campbell,* 686 F.3d 353, 360 (6th Cir. 2012)).

## II.     ANALYSIS

### A.     Standard of Review

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may refer dispositive matters, including a motion to vacate a sentence under 28 U.S.C. § 2255, to a magistrate judge for the preparation of a report and recommendation. *See also* Fed. R. Crim. P. 59(b)(1). "[T]he magistrate judge must promptly conduct the required proceedings" and "enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." 28 U.S.C. § 636(b)(1)(B).

Parties have fourteen days "after being served with a copy of the recommended disposition" to specifically object in writing to the findings and recommendations in a magistrate judge's R&R. Fed. R. Crim. P. 59(b)(2). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual

3

and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). However, "[t]he filing of vague, general, objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Once filed, the referring district court judge must review the specific objections *de novo* and "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

### B. Plaintiff's Objections

On March 6, 2018, the United States timely filed Objections to the R&R. (Doc. # 147). The United States objected to Judge Ingram's weighing of the evidence and his finding that the Defendant did immediately ask his attorney to appeal. *Id.* at 1. The United States specifically argues that Judge Ingram "g[ave] undue emphasis to the allegations in the affidavits filed in this matter and fail[ed] to give sufficient weight to the actual testimony presented in the evidentiary hearing." *Id.* The Court will thus review *de novo* Judge Ingram's factual determination that Howard immediately asked his attorney to file an appeal. Fed. R. Crim. P. 59(b)(3).

"[W]hen a magistrate's findings and recommendations are based on an evaluation of the credibility of the witnesses, a district court is not required to re-hear the testimony to make a determination of the issues." *United States v. Davidson*, No. 6:05-cr-30-DCR, 2008 WL 170507, at *6 (E.D. Ky. Jan 17, 2008) (citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980)). "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's

4

assessment." *United States v. Brown*, No. 1:07-CR-9, 2007 WL 1345463, at *1 (E.D. Tenn. May 7, 2007) (citing *Blizzard v. Quillen*, 570 F. Supp. 1446, 1449 (D. Del. 1984)).

The Court has undertaken a *de novo* review of the transcript of the evidentiary hearing as well as the submitted affidavits and R&R and accepts both Judge Ingram's credibility determination and ultimate conclusion. Judge Ingram's finding that Defendant Howard proved by a preponderance of the evidence that he asked his attorney at sentencing to appeal, is supported by specific findings and bolstered by both the testimony and the record.

In reviewing the testimony, the Court noted that Howard's testimony was unequivocal in asserting that he asked his attorney to immediately appeal, while Ms. Dennison was hesitant. Ms. Dennison's testimony left open the possibility that she did not hear Defendant Howard's request, and that he could have, in fact, immediately asked for an appeal at sentencing. (Doc. # 145 at 31-32). Howard's testimony, however, was clear; he asserts that he asked Dennison to file the appeal at sentencing. *Id.* at 7. This testimony was further supported by the affidavits of both Howard and Dennison. Ms. Dennison notes in her affidavit that she "cannot recall, with absolute certainty whether [Howard] ever stated to her on August 18, [2016], or on any date thereafter, that he wanted to file an appeal." (Doc. # 132-1 at 3). She acknowledges that "[i]t is also entirely possible that the Affiant did not hear the Defendant or missed the defendant for some reason asking her to file an appeal." *Id.* Defendant Howard in his affidavit, on the other hand, is certain that at sentencing he "stated to his former counsel Deanna L[.] Dennison that he wanted to file a notice of appeal." (Doc. # 124-3 at 2).

5

While there is a dispute as to the length or extent of the alleged conversation between Ms. Dennison and Defendant Howard at sentencing and the wording of Howard's Motion to Reopen the Appeal period (Doc. # 111), the Court finds that the disposition of this Motion comes down to a credibility determination—whether the Court believes that the Defendant in fact asked Ms. Dennison immediately after sentencing to file an appeal on his behalf. Judge Ingram correctly noted that the Defendant had a motive to testify the way he did at the evidentiary hearing, (Doc. # 146 at 7), but Howard's own attorney had previously acknowledged that she "cannot imagine . . . why the Defendant would make up the fact that he asked the Affiant to file a Notice of Appeal." (Doc. # 132-1 at 3). Despite circumstances that weigh against Howard's credibility, Judge Ingram still found Howard's testimony in conjunction with documentary evidence to be credible enough to warrant a finding that Howard met his burden of proof.[1] (Doc. # 146 at 7-8, 10).

As Judge Ingram had the opportunity to observe the testimony of both Defendant Howard and Ms. Dennison, the Court will defer to his credibility determination. "[T]he Court finds no reason to question the Magistrate Judge's determinations of the witnesses' credibility in this instance." *Davidson*, 2008 WL 170507, at *6. Accordingly, for the reasons discussed above, the Court finds that Judge Ingram's analysis is sound and supported by the documentary and testimonial evidence, and the United States has failed to identify any errors in Judge Ingram's analysis. Thus, the United States' objections are

---

[1] Defendant Howard was required to prove by a preponderance of the evidence that he asked his attorney to file the appeal. (Doc # 146 at 7) (citing *Williams v. United States*, 632 F. App'x 816, 821 (6th Cir. 2015)).

**overruled**. As failure to file an appeal as requested is *per se* ineffective assistance of counsel, Defendant's Motion to Vacate shall be **granted**. *Campbell*, 686 F.3d at 360.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's Objections to the Magistrate Judge's R&R (Doc. # 147) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 146) is **ADOPTED** as the Court's findings of fact and conclusions of law;

(3) The Defendant's Motion to Vacate, Set Aside or Correct Sentence, as amended, pursuant to 28 U.S.C. § 2255 (Doc. # 124) is hereby **GRANTED**;

(4) The Judgment previously entered in this matter and filed on August 18, 2016 (Doc. # 109) is **VACATED** and **SET ASIDE**. An Amended Judgment will be entered for the purpose of allowing Defendant Howard to file a delayed appeal;

(6) Upon this Court filing an Amended Judgment, the Clerk of Court is **DIRECTED** to file a Notice of Appeal on behalf of James P. Howard;

(7) Judgment in favor of Defendant on his Motion to Vacate will be entered contemporaneously herewith; and

(8) The Defendant's Motion for Ruling (Doc. # 154) is hereby **DENIED AS MOOT**.

This 4th day of March, 2019.



Signed By:
*David L. Bunning* DB
United States District Judge